UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM C. BLOOMQUIST, J.D.,     ) | |
|                                        ) | |
|         *Plaintiff*                     ) | |
|                                        ) | |
| *v.*                                             ) | No. 2:16-cv-337-DBH |
|                                        ) | |
| CLOUTIER, N.P., et al.,              ) | |
|                                        ) | |
|         *Defendants*           ) | |

*RECOMMENDED DISMISSAL*

On June 23, 2016, the plaintiff filed a 35-page complaint naming as defendants "Cloutier N.P.," Maine Centers for Healthcare, Calloway Labs, Cheryl Bouchey, N.P., Connie Nadeau, P.M., and "other defendants unknown." Complaint (ECF No. 1) at 1. The complaint was accompanied by neither a filing fee nor an application to proceed without prepayment of the filing fee. On June 27, 2016, I issued an Order that the plaintiff either pay the filing fee or file a properly completed application for leave to proceed *in forma pauperis* by July 8, 2016, "failing which a recommendation that this matter be dismissed for lack of prosecution will issue." Order (ECF No. 3).

As of today's date, the plaintiff has neither paid the required filing fee nor filed a properly completed application for leave to proceed *in forma pauperis*. Federal Rule of Civil Procedure 41(b) authorizes the court to dismiss an action for a party's failure to prosecute and failure to comply with the court's orders. While a court should be sparing in its use of dismissal as a sanction for failure to prosecute a civil action, that principle loses force when the litigant has ignored, as the plaintiff has here, an express warning that failure to comply with an order may result in the

dismissal of his claim. *Jordan v. Colvin*, Civil Action No. 5:13-cv-29832, 2014 WL 6774177, at *2 (S.D. W.Va. Dec. 1, 2014).

Accordingly, it is recommended that the complaint be **DISMISSED** for failure to prosecute this action. *See, e.g., Padilla v. Clerk*, No. CIV 15-0746 JB/KK, 2015 WL 7889796, at *1 (D. N.M. Sept. 30, 2015); *see generally Dupont v. Wal-Mart Stores, Inc.*, No. 1:10-cv-00229-JAW, 2011 WL 709887, at *1 (D. Me. Jan. 28, 2011).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 18th day of July, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge