UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM C. BLOOMQUIST J.D., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00337-DBH |
| | ) | |
| CLOUTIER N.P., et al., | ) | |
| | ) | |
| Defendants | ) | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, GRANTING MOTION FOR RECONSIDERATION, and RECOMMENDING DISMISSAL OF CERTAIN COUNTS

The *pro se* plaintiff seeks to proceed *in forma pauperis* in this action and also seeks relief from my recommendation (ECF No. 4) that this case be dismissed for failure to prosecute. I grant the plaintiff's request for leave to proceed *in forma pauperis* and his motion for reconsideration, but recommend that the court dismiss one count included in the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. In Forma Pauperis

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1).

In the wake of my recommended dismissal, the plaintiff has now filed an application to proceed without paying fees or costs, signed under penalties of perjury, that states that he has an annual income of between $3,500 and $5,500, owns a motor vehicle valued at $2,500, firearms valued at $2,500, and "parts cars" valued at $2,400. Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 6). He lists a debt of $3,000. *Id*. I conclude that,

1

under these circumstances, the plaintiff does qualify for *in forma pauperis* status, and his request is granted.

## II. Reconsideration

On July 18, 2016, I recommended that the court dismiss this action due to the plaintiff's failure to pay the filing fee or to file an application to proceed *in forma pauperis* by the deadline set by my earlier June 27, 2016, order that he do so. Order (ECF No. 3); Recommended Dismissal (ECF No. 4). On the same day, the plaintiff filed a Motion for Relief from Judg[]ment and to Extend Time to File in Forma Pauperis (ECF No. 5), asserting, *inter alia*, that he thought that he had already filed a request for *in forma pauperis* status, that a case manager of this court gave him "a non[-]functioning email address for filing [his] complaint[,]" that problems with his computer led him to believe that he had filed documents that were not in fact filed electronically, and that the first response he received from the clerk's office "seemed to confirm that[,] except for the signature style, Plaintiff's case file was complete and ready to move forward." *Id*. and letter dated August 9, 2016, from William C. Bloomquist J.D. to the clerk (ECF No. 8).

There is as yet no judgment in this case from which the plaintiff may be relieved. Treating his motion and his objection to the recommended decision (ECF No. 7) as a motion for reconsideration of my recommended decision, I grant the motion but caution the plaintiff that he is expected to comply with all court orders and deadlines, as is the case for all litigants in this court. The recommended decision (ECF No. 4) is vacated and withdrawn.

The matter does not end there, however.

## III. Section 1915 Review

28 U.S.C. § 1915(e)(2)(B) provides, in relevant part:

[T]he court shall dismiss the case at any time if the court determines that
    (B) the action or appeal—

>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under 28 U.S.C. § 1915) are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S. D. Iowa*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. § 1915], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.")

Having granted the application for *in forma pauperis* status and withdrawn my recommendation that the matter be dismissed for failure to comply with this court's procedures, I must review the plaintiff's complaint under section 1915(e)(2)(B). The statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, to seek monetary relief from a defendant who is immune from such relief, or to fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002). When a *pro se* plaintiff's complaint includes numerous counts, the section 1915 screening should be applied to each count individually. *See, e.g., Chase v. Walker*, C.A. No. 12-58-M, 2013 WL 1500590, at *1 (D.R.I. Apr. 11, 2013).

The plaintiff's 35-page complaint includes 38 counts, one of which fails to state a claim upon which relief may be granted. Count 32, entitled Negligence for Failure to Verify Consent, alleges that CallowayLABS, a corporate defendant, Complaint ¶ 6, "was negligent for failing to

3

verify that the 'drug testing' they were using and marketing was with proper consent and knowledge. Defendant CallowayLABS had a duty to verify that consent had been given for testing." Id. ¶ 170.

The role of CallowayLABS in testing the plaintiff for drugs is not entirely clear, but the complaint also alleges that it "failed to provide proper explanations for Plaintiff's test results." *Id.* ¶ 63. Assuming, therefore, that CallowayLABS performed one or more tests on the plaintiff's urine, *id.* ¶ 40, a testing facility has no legal duty to insure that the medical personnel acquiring the sample for testing obtained proper consent or provided the patient with sufficient information to allow informed consent, nor could it do so unless it provided its own employee to supervise every taking of a sample for testing, a financial and physical impossibility. That is a duty of the person who directs that the sample be given and/or obtains the sample.

The remaining counts in the plaintiff's complaint state colorable claims that, read liberally, survive section 1915 scrutiny.

I recommend that the court dismiss Count 32 for failure to state a claim upon which relief may be granted.

### IV.  Conclusion

For the foregoing reasons, the plaintiff's application to proceed *in forma pauperis* is **GRANTED**, the motion for reconsideration (ECF No. 5) is **GRANTED** and the recommended decision (ECF No. 4) is **VACATED** and **WITHDRAWN**, and I recommend that Count 32 of the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. If the plaintiff does not file a timely objection to any portion of this order and recommended decision, the deadline for service of the complaint should be extended to 60 days from the deadline for filing such objection, and the clerk is directed to arrange for service of

the complaint, along with a copy of this order, upon the defendants as soon as practicable. If an objection is filed, the court will set new a new deadline for service, if necessary.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 15th day of November, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge