UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM C. BLOOMQUIST, J.D., )<br>)<br>      **Plaintiff** )<br>v.                                     )<br>)<br>*CLOUTIER N.P., et al.,*        )<br>)<br>      **Defendants** ) | No. 2:16-cv-00337-DBH |

### RECOMMENDED DISMISSAL

The *pro se* plaintiff has failed to respond to two orders that he either provide the names and addresses of the defendants that he has sued, to facilitate the service of his complaint upon them, or show cause why he cannot do so. *See* ECF Nos. 12, 14. On the basis of the plaintiff's failure to prosecute, I recommend that the court dismiss the case without prejudice.

### I. Procedural Background

On December 6, 2016, I entered an order directing that the plaintiff provide the full names and addresses of the defendants named in this suit to enable the Clerk's Office to prepare the necessary documents for service upon the defendants by the U.S. Marshal. *See* ECF No. 12. The plaintiff failed to comply with that directive. On February 1, 2017, I issued an Order To Show Cause directing that, on or before February 15, 2017, the plaintiff either provide the name and address information or show cause in writing why he had not done so, failing which his complaint could be dismissed for failure to prosecute. *See* ECF No. 14. The plaintiff, a registered e-filer, *see* ECF No. 9, is presumed to have received notice of both orders, *see* Appx. IV to Local Rules. However, he did not provide name and address information for the defendants or make a showing

1

of good cause by February 15, 2017, why this action should not be dismissed for failure to prosecute; nor has he done so since.

## II. Discussion

"A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Department of Educ. of Commonwealth of P.R.*, 108 Fed. Appx. 638, 640 (1st Cir. 2004). In addition, Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

The plaintiff's failure to provide name and address information for the defendants or show cause in writing why his case should not be dismissed warrants the dismissal of this action. *See, e.g., United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does not excuse him from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Yet, although dismissal is appropriate, a separate issue remains whether the dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See, e.g., Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct,

or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citations and internal quotation marks omitted).  "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id*.

In this case, the plaintiff failed to comply with two consecutive court orders.  This failure arguably warrants dismissal with prejudice; however, given his *pro se* status, and erring on the side of caution, I recommend that the case be dismissed without prejudice.

### III.  Conclusion

For the foregoing reasons, I recommend that this case be **DISMISSED** without prejudice for the plaintiff's failure to prosecute it.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 30th day of March, 2017.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge